with the conditional order of preclusion, which had been granted on default, for failure to serve a bill of particulars. The complaint, prima facie, has merit and the indigent plaintiffs, quite obviously, have never abandoned their claims. It is apparent that their default leading to the preclusion order and any delay thereafter in responding to the demand for a bill of particulars was due to the lack of diligence of their former counsel, Candace C. Carponter. Nor have defendants been prejudiced by any delay in the furnishing of a bill of particulars. Accordingly, we reinstate the complaint and grant the cross motion to vacate the order of preclusion.

We note in passing that the subsumed order of September 18, 1987 denied that part of the cross motion which sought leave to amend the complaint. It is not clear to us that the amendment sought is required. In any event, in light of their prior default, plaintiffs would be well advised to furnish the particulars already sought before enlarging the scope of their complaint. Concur—Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HARRIS, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE SALGADO, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.)* We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARRIS, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Smith, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RAY, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILLIAMS, Appellant.

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Ross, Kassal and Ellerin, JJ.

(May 26, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v